OPINION *Page 2 
{¶ 1} Appellant Carl Lair appeals his conviction, in the Delaware County Court of Common Pleas, of felony cocaine possession. The relevant facts leading to this appeal are as follows.
 {¶ 2} On February 14, 2005, Officer Doug Staysniak of the Westerville Police Department was patrolling in the parking lot of the Windsor Bay Shopping Center. At about 8:47 AM that day, Staysniak observed appellant exit a maroon Chevrolet van and enter a CVS Pharmacy store at the shopping center. A few moments later, the officer observed a CVS store clerk waving at him to get his attention. At about the same time, a dispatcher reported over the radio that appellant was suspected of shoplifting. The clerk then came outside and reported to the officer that she suspected appellant of shoplifting and recognized appellant from a previous shoplifting incident at another CVS location.
 {¶ 3} As appellant exited the store, Officer Staysniak approached him and asked to see his identification. When asked, appellant indicated that no one else was in the van, which appellant stated was owned by a friend. The officer then asked his dispatcher to check appellant's name for outstanding warrants. Appellant's photo identification turned out to be valid, and no warrants were found.
 {¶ 4} Two other police officers also arrived at the scene. The officers ran a database check and discovered the van's plates did not match the vehicle. The officers thereupon discovered there had been a report of vehicle theft taken on the van by the Columbus, Ohio, Police Department. *Page 3 
 {¶ 5} Officer Staysniak arrested appellant upon confirming the van had been stolen from a dealership. As appellant was patted down, Staysniak found a crack pipe in appellant's coat. Also, additional suspicious license plates were found inside the van.
 {¶ 6} Appellant was ultimately charged with three counts of receiving stolen property and one count of possession of cocaine. On March 1, 2006, appellant filed a motion to suppress evidence. Following a suppression hearing conducted on March 22, 2006 and April 5, 2006, the trial court issued a judgment entry denying the motion to suppress.
 {¶ 7} On April 10, 2007, appellant entered a plea of no contest to one count of cocaine possession, a felony of the fifth degree. The State dismissed the remaining charges pursuant to a plea bargain arrangement. The trial court thereupon sentenced appellant to a six-month term in prison.
 {¶ 8} On May 11, 2007, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:
 {¶ 9} "I. THE TRIAL COURT ERRED IN DENYING DEFENDANT/APPELLANT'S MOTION TO SUPPRESS INASMUCH AS DEFENDANT/APPELLANT WAS UNREASONABLY DETAINED BY INVESTIGATING AUTHORITIES WHEN IT WAS CLEAR TO THE INVESTIGATING OFFICERS, UPON INITIALLY STOPPING DEFENDANT/APPELLANT AND DEMANDING THAT HE PROVIDE HIS IDENTIFICATION, THAT NO CRIME HAD OCCURRED IN RELATION TO THE CIRCUMSTANCES THAT PROMPTED THE INITIAL DEMAND FOR IDENTIFICATION, AND THAT THERE WAS NO OTHER LEGITIMATE REASON TO DETAIN DEFENDANT/APPELLANT AT THAT TIME." *Page 4 
 I. {¶ 10} In his sole Assignment of Error, appellant challenges the trial court's denial of his motion to suppress the results of the search at the CVS parking lot.
 {¶ 11} There are three methods of challenging, on appeal, a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v.Fanning (1982), 1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 1141; State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993),86 Ohio App.3d 37, 619 N.E.2d 1141. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Eastman, 164 Ohio App.3d 585, 588,843 N.E.2d 245, 2005-Ohio-6624 (citations omitted). In the case sub judice, we find appellant's challenge to the suppression decision falls under the third method.
 {¶ 12} The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable *Page 5 
searches and seizures of persons or their property. Terry v. Ohio
(1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; State v. Andrews
(1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271.
 {¶ 13} We first address Officer Staysniak's original encounter with appellant at the CVS parking lot, which appellant seeks to classify as a detainment. The United States Supreme Court has held that a police officer's request to examine a person's identification does not render an encounter nonconsensual. See Florida v. Bostick (1991), 501 U.S. 429,435, 111 S.Ct. 2382, 115 L.Ed.2d 389, citing Immigration Naturalization Serv. v. Delgado (1984), 466 U.S. 210, 216,104 S.Ct. 1758, 80 L.Ed.2d 247. Accord State v. Miller, Licking App. No. 01 CA 79, 2002-Ohio-2465. The relevant inquiry is whether a reasonable person would feel free to disregard the officer's request and leave the scene. See State v. Miller, 148 Ohio App.3d 103, 107-108, 2002-Ohio-2389.
 {¶ 14} In the case sub judice, Officer Staysniak approached appellant shortly before 9:00 AM and asked to see his identification, which appellant provided. Officer Staysniak returned appellant's identification at approximately 9:49 AM. It is crucial to note that although appellant carried a valid state identification card, he did not have driving privileges, and thus was unable to legally drive away. The record further indicates that appellant nonetheless walked over to use a pay telephone and call for a ride home. While appellant presently contends he was not free to leave the scene, Staysniak testified that he did not tell appellant he could not leave. Tr. at 12. Thus, we conclude the period of time between the officer's arrival at CVS and the officer's *Page 6 
discovery of a license plate discrepancy constituted a voluntary consensual encounter, which did not implicate appellant's constitutional rights.
 {¶ 15} We thus turn to the next phase of events, i.e., the period of time following the discovery of the license plate discrepancy. It is well established that "[r]easonable suspicion that a detainee is engaged in criminal activity must exist for as long as the detention does. The lawfulness of the initial stop will not support a `fishing expedition' for evidence of crime." State v. Smotherman (July 29, 1994), Wood App. No. 93WD082, citing State v. Bevan (1992), 80 Ohio App.3d 126, 130,608 N.E.2d 1099. However, "* * * if a police officer, during the initial detention of a motorist, ascertains additional specific and articulable facts which give rise to a reasonable suspicion of criminal activity beyond that which prompted the stop, the officer may further detain the motorist and conduct a more in-depth investigation." State v.Griffith (Aug. 10, 1998), Madison App. No. CA97-09-044, citing State v.Robinette (1997), 80 Ohio St.3d 234, 685 N.E.2d 762.
 {¶ 16} In the case sub judice, the officers eventually obtained information that the van had been reported stolen in Columbus. Although this report came in at about 11 AM, the officers had known since 9:49 AM that the plates on the Chevrolet van were connected with a 1992 Ford vehicle. Under the totality of these circumstances, we hold the officers' continuing detention of appellant prior to the arrest was supported by reasonable, articulable facts and was constitutionally permissible. *Page 7 
 {¶ 17} Accordingly, the trial court did not err in denying appellant's motion to suppress. Appellant's sole Assignment of Error is therefore overruled.
 {¶ 18} For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.
 Wise, J. Gwin, P. J., and Delaney, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.
 Costs assessed to appellant. *Page 1